UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

-------------------------------------------------------
CHARLES HAINES and LYNNE HAINES,

        Plaintiffs,

v.                                    Civil Action No.

CITIBANK, N.A.,

        Defendant.
-------------------------------------------------------

## NATURE OF ACTION

1.    This is an action brought under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3).

## PARTIES

3.    Plaintiff Charles Haines and Lynne Haines ("Plaintiffs") are each natural persons who at all relevant times resided in the State of Tennessee, County of Shelby, and City of Shelby.

4.    Defendant, Citibank, N.A. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs.

## FACTUAL ALLEGATIONS

5.  Prior to April 2012, Defendant began placing calls to Plaintiffs' cellular telephones in an attempt to collect three accounts ending in 0018, 4403, and 7712 (the "Debts").

6.  Plaintiffs, via their counsel, sent Defendant written correspondence dated April 24, 2012, regarding account ending in 0018, and in such correspondence, notified Defendant that they were represented by counsel and further, demanded that Defendant cease and desist from engaging in any and all direct communication with Plaintiffs, telephonic or otherwise. *See* correspondence, attached hereto as Exhibit "A."

7.  Defendant received Plaintiffs' notice of representation letter regarding account ending in 0018 on April 27, 2012 at 6:18 A.M. *See* USPS delivery confirmation, attached hereto as Exhibit "B."

8.  Plaintiffs, via their counsel, sent Defendant written correspondence dated April 24, 2012, regarding account ending in 4403, and in such correspondence, notified Defendant that they were represented by counsel and further, demanded that Defendant cease and desist from engaging in any and all direct communication with Plaintiffs, telephonic or otherwise. *See* correspondence, attached hereto as Exhibit "C."

9.  Defendant received Plaintiffs' notice of representation letter regarding account ending in 4403 on April 27, 2012 at 6:18 A.M. *See* USPS delivery confirmation, attached hereto as Exhibit "D."

10. Plaintiffs, via their counsel, sent Defendant written correspondence dated April 24, 2012, regarding account ending in 7712, and in such correspondence, notified Defendant that they were represented by counsel and further, demanded that Defendant cease and desist from engaging in any and all direct communication with Plaintiffs, telephonic or otherwise. *See* correspondence, attached hereto as Exhibit "E."

11. Defendant received Plaintiffs' notice of representation letter regarding account ending in 7712 on April 27, 2012 at 6:18 A.M. *See* USPS delivery confirmation, attached hereto as Exhibit "F."

12. Despite Plaintiffs' revocation of permission for Defendant to place any calls to Plaintiffs, and in an attempt to collect the Debts, Defendant placed non-emergency calls to Plaintiff Charles Haines' ("Mr. Haines") personal cellular telephone using an automatic dialing system and/or an artificial or pre-recorded voice, including, but not limited to, calls placed on the following dates and times:

- May 7, 2012 at 8:20 A.M.;
- May 7, 2012 at 4:27 P.M.;
- May 9, 2012 at 8:05 A.M.;
- May 9, 2012 at 8:23 A.M.;
- May 9, 2012 at 12:40 P.M.;
- May 9, 2012 at 1:48 P.M.;
- May 9, 2012 at 8:09 P.M.;
- May 10, 2012 at 8:16 A.M.;
- May 10, 2012 at 8:45 A.M.;
- May 10, 2012 at 9:20 A.M.;
- May 10, 2012 at 12:10 P.M.;
- May 11, 2012 at 12:10 P.M.;
- May 12, 2012 at 8:06 A.M.; and
- May 27, 2012 at 11:06 A.M.

13. In addition to the above-referenced calls, and despite Plaintiffs' revocation of permission for Defendant to place any and calls to Plaintiffs, and in an attempt to collect the Debts, Defendant placed non-emergency calls to Mr. Haines' work cellular telephone using an automatic dialing system and/or an artificial or pre-recorded voice, including, but not limited to, calls placed on the following dates and times:

- May 4, 2012 at 9:05 A.M.; and
- May 29, 2012 at 8:55 A.M.

14. In addition to the above-referenced calls, and despite Plaintiffs' revocation of permission for Defendant to place any and all calls to Plaintiffs, and in an attempt to collect the Debts, Defendant placed non-emergency calls to Plaintiff Lynn Haines' ("Mrs. Haines") personal cellular telephone using an automatic dialing system and/or an artificial or pre-recorded voice, including, but not limited to, calls placed on the following dates and times:

- April 30, 2012 at 8:49 A.M.

15. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiffs' cellular telephone numbers using an automatic telephone dialing system.

16. Defendant did not place any telephone calls to Plaintiffs for emergency purposes.

17. Each and every telephone call Defendant placed to Plaintiffs was in connection with the collection of a debt.

18. Defendant did not have Plaintiffs' prior express consent to call Plaintiffs on their cellular telephone numbers.

19. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiffs identified above voluntarily.

20. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiffs identified above under its own free will.

21. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

22. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

23. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiffs' cellular telephone numbers.

## COUNT I
## VIOLATIONS OF 47 U.S.C. § 227 (b)(1)(A)(iii)

24. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 23.

25. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiffs' cellular telephones, without the prior express consent of Plaintiffs, using an automatic telephone dialing system and/or an

artificial or pre-recorded voice.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

c) In the alternative, awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action; and

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT II
## VIOLATIONS OF 47 U.S.C. § 227(b)(1)(A)(iii)

26. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 23.

27. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willingly and knowingly placing non-emergency calls to Plaintiffs' cellular telephones, without the prior express consent of Plaintiffs, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

c) In the alternative, awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action; and

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

28. Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: September 20, 2012.

Respectfully submitted,

**Charles Haines and Lynne Haines**

By: /s/Craig J. Ehrlich
Craig J. Ehrlich
Attorney for Plaintiffs
Weisberg & Meyers, LLC
1448 Madison Avenue
Memphis, TN 38104
Telephone: (602) 445 9819
Facsimile: (866) 565 1327
Email: CEhrlich@AttorneysForConsumers.com

*Please send correspondence to the address below*

          Craig J. Ehrlich
          Weisberg & Meyers, LLC
          5025 N. Central Ave. #602
          Phoenix, AZ 85012